# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Christopher S. Hooks** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **1:18cv88 (CMH/JFA)** |
| ) | |
| **J. Harmon & T. Ortiz,** ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION & ORDER

Christopher S. Hooks, a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 alleging that two officers at Nottoway Correctional Center violated his procedural due process rights during disciplinary proceedings. [Dkt. No. 14]. The Court granted summary judgment to defendant J. Harmon, the disciplinary hearing officer, in an Order dated February 12, 2019. [Dkt. No. 40]. Now defendant T. Ortiz, the institutional investigator, moves for summary judgment. [Dkt. No. 44]. Hooks received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed opposing motions.[1] [Dkt. Nos. 46, 52–53]. Because the undisputed record does not show that Ortiz violated Hooks's due process rights, her motion for summary judgment will be granted.

## I. Background

Officer Ortiz had been tasked with investigating a note threatening a correctional officer that was received by the "Watch Office" on December 28, 2015. [Dkt. No. 45-1, Harmon Aff. Enclosure B]. The note said, "OFC Watts will be DEAD Monday we will kill her and Rape her

---

[1] Hooks filed two opposing motions, one labeled "Answer to Complaint" [Dkt. No. 52], and another labeled "Motion To Oppose Qualified Immunity" [Dkt. No. 53]. The Court construes these together as a combined motion opposing summary judgment. Also, before filing those motions, Hooks moved for an extension of time to respond to Officer Ortiz's motion for summary judgment. [Dkt. No. 47]. The Court will grant this motion nunc pro tunc.

Body –Move Her." [Id.]. Ortiz learned from a sergeant that, two days before the note was found, Hooks had told the sergeant that "he needed to 'Get Officer Watts out of that booth. She's getting on my fucking nerves.'" [Id.]. Ortiz then questioned Hooks about his relationship with Officer Watts. [Id.]. Hooks related that "they had a falling out and tension had gotten elevated since Christmas." [Id.]. Next, Ortiz compared the handwriting in the note to other documents written by Hooks, and she determined that they "have the same characteristics." [Id.]. Based on his investigation, Ortiz levied a disciplinary charge against Hooks for "Conspiracy to Commit/Killing or Attempting to Kill any Person" on January 13, 2016. [Id.].

After Hooks was served with the disciplinary report and notified about his upcoming hearing, he requested that the note and the comparative writing samples be produced as documentary evidence to contest the charge. [Id.]. He urged that the documents were relevant because the note was "the sole" basis for the charge. [Id.]. Officer Harmon denied the request on security grounds "because of the possibility it might be used in a criminal proceeding, and it was evidence in an investigation." [Harmon Aff. ¶ 10].

At the disciplinary hearing Officer Ortiz reiterated his findings about the note. [Id. ¶ 18]. Officer Harmon found Hooks guilty of the charge "based upon Officer Ortiz's testimony, as well as the testimony of multiple staff witnesses who testified at the hearing that Hooks had spoken to them about the frustration that he was having regarding Officer Watts." [Id. ¶ 19]. Additionally, Harmon relied on hearing evidence "that a staff member had spoken with Hooks as a confidential informant, and Hooks admitted to the confidential informant that he (Hooks) had written the note out of frustration." [Id. ¶ 20]. Harmon never reviewed the note before the hearing. [Id. ¶ 22]. But she avers that Ortiz showed her the note and writing sample comparisons

afterwards and seeing them, she says, confirmed her conclusion about Hooks's guilt. [Id.]. Hooks lost all of his accumulated good time as a result. [Harmon Aff. Enclosure B].

Hooks sued Officers Harmon and Ortiz, claiming that they violated his procedural due process rights during the disciplinary proceedings. [Dkt. No. 14, Pl. Verified Compl.]. He alleges that the note was the sole evidence against him and, without its production along with the handwriting exemplar, he was left with no evidence to defend himself. [Id.]. He further alleges that Ortiz repeatedly violated prison operating procedures during the proceedings. [Id.]. Ortiz moved the Court to dismiss the complaint, arguing that Hooks failed to allege that Ortiz was personally involved in violating his procedural due process rights. [Dkt. Nos. 23–24]. The Court denied Ortiz's motion based on Hooks's allegations that Ortiz had control over the requested evidence and told Hooks that the documents would not be produced. [Dkt. No. 41]. Through another Order that same day, the Court dismissed Officer Harmon from this action, concluding that the undisputed record established that Hooks's procedural due process rights were not violated because Harmon restricted access to the note based on legitimate institutional concerns (an ongoing criminal investigation). [Dkt. No. 40].

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." Hupp v. Cook, 931 F.3d 307, 317 (4th Cir. 2019) (internal quotation marks and citations omitted). The Court views the evidence, and draws all inferences, in the light most

3

favorable to Hooks, as the nonmoving party. See E.W. by T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018).

## III. Analysis

Although Hooks could survive a motion to dismiss he cannot survive summary judgment. At this stage, he "must produce evidence that goes beyond conclusory or speculative allegations and relies on more than a mere scintilla of evidence," See Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 252 (4th Cir. 2018) (internal quotation marks, alteration, and citation omitted), to show that Officer Ortiz violated his qualified constitutional right to review and present documentary evidence in his defense, see Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Lennear v. Wilson, 937 F.3d 257, 268–70 (4th Cir. 2019). The evidence reveals that it was Officer Harmon, not Ortiz, who determined that Hooks could not access the note and handwriting exemplars during the disciplinary proceedings. [Harmon Aff. ¶ 10; Harmon Aff. Enclosure B]. In his unverified response opposing Ortiz's motion to dismiss, Hooks asserted that Ortiz "chose not to produce the note for inspection due to her lack of knowledge in handwriting comparison analysis." [Doc. No. 33]. But at summary judgment Hooks has not put forth any *evidence* to support that assertion, as is necessary to put into dispute Harmon's sworn statement that she was the decisionmaker. Nor does Hooks's statement attempting to tie Ortiz to the decision in his verified complaint negate Harmon's testimony: "Stated on Audiotape [Officer] Ortiz and [Officer] Harmon could not show Plaintiff this note because 'It will reveal the identity of who wrote it.'" [Dkt. No. 14, Pl. Verified Compl.]. Even making inferences in Hooks's favor, no jury could conclude from this statement that Ortiz had the authority to provide the note or prevented its production in advance of the hearing.[2]

---

[2] Since the Court dismissed Officer Harmon from this action, the Fourth Circuit in Lennear v. Wilson, 937 F.3d 257 (4th Cir. 2019), elaborated on the extent to which prisoners have a

4

Lastly, Officer Ortiz is entitled to judgment as a matter of law on Hooks's claim that her failure to follow prison operating procedures in carrying out her investigation violated his procedural due process rights. Because a prison's "adoption of procedural guidelines does not give rise to a liberty interest . . . the failure to follow regulations does not, in and of itself, result in a violation of due process." Kitchen v. Ickes, 116 F. Supp. 3d 613, 629 (D. Md. 2015); see also Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("[T]o hold that a state violates the Due Process Clause every time it violates a state-created rule regulating the deprivation of a property interest would contravene the well recognized need for flexibility in the application of due process doctrine.").

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. No. 44] be and is GRANTED, and Officer T. Ortiz be and is DISMISSED from this civil matter; and it is further

ORDERED that plaintiff's motion for extension of time [Dkt. No. 47] be and is GRANTED nunc pro tunc; and it is further

ORDERED that plaintiff's motions opposing summary judgment [Dkt. Nos. 52–53] be and are DENIED; and it is further

ORDERED that this civil action be and is DISMISSED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the

---

qualified right to access and compel official review of documentary evidence in a disciplinary hearing. Because Hooks has not presented evidence demonstrating that Officer Ortiz was responsible for denying his access to, or preventing official consideration of, the requested evidence (indeed, she testified as to its contents), Lennear's guidance is not relevant to the Court's analysis.

plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of the defendants, to send a copy of this Order to plaintiff and to counsel of record for defendants, and to close this civil action.

Entered this 22nd day of Nov. 2019.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia